# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| STEPHEN BELOFF <br><br> and <br><br> MARILYN BELOFF <br><br> Plaintiffs, <br><br> v. <br><br> ROYAL CARIBBEAN CRUISES LTD. d/b/a CELEBRITY CRUISES, INC. <br><br> Defendant. | Case No: _____ |

## COMPLAINT AND JURY DEMAND

Plaintiffs Stephen Beloff and Marilyn Beloff, by and through undersigned counsel, bring this complaint against Defendant Royal Caribbean Cruises Ltd. d/b/a Celebrity Cruises, Inc. (collectively referred to as "Defendant" or "Celebrity"), alleging as follows:

### INTRODUCTION

1. This negligence action is brought on behalf of Mr. and Mrs. Beloff (husband and wife; collectively referred to as the "Beloffs") for the severe burns Mr. Beloff sustained to his left hand while traveling on the Celebrity Silhouette cruise ship when he was directed by a ship employee to pick up a scalding hot plate from a breakfast station located in one of the ship's restaurants.

2. Mr. Beloff has experienced extreme pain and suffering, and mental and emotional distress, as a result of the injury, which according to several medical experts (detailed below), resulted from the burns sustained on the ship, not carpal tunnel syndrome or a herniated disc.

3. Mrs. Beloff witnessed the injury and has similarly suffered extreme mental and emotional distress as a result of the injury.

4. As retirees in Florida, the Beloffs intended to enjoy their retirement years after working for decades for Merrill Lynch (Mr. Beloff) and as a teacher (Mrs. Beloff). However, the injuries Mr. Beloff sustained as a result of Celebrity's negligence have severely limited and negatively impacted the Beloffs' lifestyle and enjoyment. They can no longer engage in the same outdoor activities and sports together as they had prior to the injury, and their general enjoyment in life has been severely impacted.

5. As a result of Celebrity's negligence, the Beloffs seek combined damages in the amount of $1 million plus pre-judgment interest, attorneys' fees, and court filing costs.

## PARTIES

6. Mr. Beloff is an individual residing in the State of Florida.

7. Mrs. Beloff is an individual residing in the State of Florida.

8. Defendant is a company with its headquarters and principal place of business at 1050 Caribbean Way, Miami, FL 33132. Defendant is the owner and operator of the cruise ship Celebrity Silhouette.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1333, and under the general maritime law of the United States.

10. This Court has personal jurisdiction over the Defendant because the Defendant has its headquarters and principal place of business in this District.

11. Venue is proper in this District pursuant 28 U.S.C. § 1391(b) because the Defendant resides in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## STATEMENT OF FACTS

12. On December 8, 2017, the Beloffs boarded the Celebrity Silhouette cruise ship for a nine day cruise through the Caribbean.

13. On December 14, 2017, at approximately 9:45 a.m., the Beloffs entered one of the cruise ship's restaurants for breakfast.

14. Mr. Beloff asked a floor chef for a special order of blueberry pancakes. Mr. Beloff was escorted to the pancake station where he placed his order and was told to return to the station in fifteen minutes.

15. Mr. Beloff returned to the station at the appointed time and asked for his order. The server behind the counter directed Mr. Beloff to pick up the pancakes that were stacked on a plate sitting on the counter.

16. Unbeknownst to Mr. Beloff, the plate had been heated to an extreme temperature.

17. When Mr. Beloff picked up the plate, he severely burned the fingers on his left hand, causing him extreme pain and suffering, and mental and emotional distress.

18. Mrs. Beloff was present and saw Mr. Beloff suffer the injury, also resulting in extreme mental and emotional distress to her.

19. Mr. Beloff was rushed to the cruise ship's infirmary where he was diagnosed and treated by the on-ship physician, Dr. Gustavo Soerensen, who found first degree burns on Mr. Beloff's distal, anterior area of his left fingers.

20. On December 15, 2017, Mr. Beloff returned to the ship's infirmary where he was examined by Dr. Mitch Raatz, who also found that Mr. Beloff suffered from first degree burns to his left fingers.

21. On December 16, 2017, Mr. Beloff again returned to the ship's infirmary where he was re-examined by Dr. Soerensen, who noted that Mr. Beloff, "refers pain on left hand with difficulty to move." Dr. Soerensen also noted that Mr. Beloff suffered from edema of the fingers and to the distal, anterior area of left hand; tenderness to palpitation of the affected areas.

22. For the remainder of the cruise, Mr. Beloff's extreme pain and suffering persisted. His hand stiffened and he could not grip anything with his left hand. Mr. Beloff also continued to suffer extreme mental and emotional distress as a result of his injuries. Mr. Beloff lost any use and enjoyment of the cruise ship for the remainder of the cruise. Indeed, Mr. Beloff's injuries were so severe, that the cruise ship's medical staff directed Mr. Beloff to seek on-shore medical assistance after disembarking.

23. Mrs. Beloff also lost any use and enjoyment of the cruise ship for the remainder of the cruise, and she continued to suffer extreme mental and emotional distress as a result of the injuries to her husband.

24. After the cruise ended, Mr. Beloff's pain and stiffness worsened. He noticed a decreasing ability to use his left hand and it became increasingly painful to move his fingers or use his left hand to grasp objects.

25. The mental and emotional impact on the Beloffs was significant. The Beloffs worked their entire lives, so they could retire to Florida and enjoy an active life golfing, playing pickleball and tennis, and participating in a range of other physical activities. Mr. Beloff worked for more than 30 years for Merrill Lynch, and Mrs. Beloff worked as a teacher.

26. As a result of Mr. Beloff's injuries, neither of them were able to enjoy the lifestyle they had worked so hard to achieve. Mr. Beloff could not play golf or participate in other physical activities that he and his wife previously enjoyed together. And, Mrs. Beloff lost her partner in these activities, severely impacting her retirement.

27. After disembarking the cruise ship, on December 19, 2017, Mr. Beloff went to an urgent care medical lab where he was diagnosed with having first degree burns on multiple fingers on his left hand, including his thumb, and he was prescribed Silvadene to topically apply two times per day.

28. On December 21, 2017, Mr. Beloff was examined by Dr. Pooja Patel at the BocaCare Neurosurgery Center. Mr. Beloff explained to Dr. Patel that he was suffering from persistent numbness in his left hand, difficulty closing his hand, and could not make a fist. Dr. Patel concluded that Mr. Beloff's numbness was "**likely as a result of first degree burn** but will rule out alternative causes such as neuropathy or radiculopathy" (emphasis supplied). Dr. Patel also ordered a series of tests, including nerve studies and an MRI.

29. The next day, Dr. Patel reviewed the test results and found evidence of carpal tunnel syndrome and C7 radiculopathy. Importantly, however, Dr. Patel made no finding that either condition played a role in Mr. Beloff's hand injury, pain, suffering, or other physical impairment. Dr. Patel's only finding was made the previous day when she concluded that Mr. Beloff's numbness was "**likely as a result of first degree burn** . . . ." (emphasis supplied). Dr. Patel's conclusion is consistent with the other doctors who examined Mr. Beloff, as described below; namely, that the pain and other physical impairments Mr. Beloff suffered were caused by the burns he sustained on the cruise ship, not neuropathy or radiculopathy. Thus, the only expert causation medical opinions that exist in this matter regarding Mr. Beloff's injuries universally state that the

**burns** caused Mr. Beloff's pain, suffering, and physical impairments, **not neuropathy or radiculopathy**.

30. On March 1, 2018, Mr. Beloff began physical therapy at the Fyzical Therapy and Balance Center ("Fyzical Therapy") located in Lake Worth, Florida. Fyzical Therapy noted that Mr. Beloff suffered from 1st degree burns on his left fingers. Mr. Beloff complained that his "left hand is useless" and that he was severely limited in his range of motion, including being unable to "open a jar, do heavy household chores, carry objects over 10[lbs]. Unable to make a fist to cut food using a knife" (bracketed material supplied). Mr. Beloff described his pain at rest on a scale of 1 to 10 as a "4/10," and his pain with activity as a "7/10." Mr. Beloff also described the physical state of his hand prior to the injury as, "independent and pain free with all essential and non-essential tasks." When examined, Mr. Beloff could not bend his thumb. Fyzical Therapy concluded that Mr. Beloff's left hand was 80% to 99% impaired.

31. On March 22, 2018, Mr. Beloff returned to Fyzical Therapy for additional rehabilitation. Mr. Beloff complained that his hand was "just stiff all the time."

32. On May 15, 2018, Mr. Beloff was examined by Dr. Abram Kirschenbaum at the Summit Medical Group in Westfield, New Jersey. Dr. Kirschenbaum is a leading expert in hand injuries and nerve damage:

> Abram E. Kirschenbaum, MD, FAAOS, specializes in hand surgery, including operative and nonoperative treatment of carpal tunnel syndrome, trigger finger, cubital tunnel syndrome, radial tunnel syndrome and Dupuytren's contracture. He also treats disorders of the hand, wrist, forearm, and elbow, including fractures, nonunions, dislocations, tennis elbow, wrist and elbow instability, tendonitis, tendon lacerations, tendon ruptures, tumors, arthritis, sports injuries, nerve injuries and congenital disorders of the upper limbs. His expertise includes wrist arthroscopy, management of wrist pain and instability, minimally invasive treatment of Dupuytren's contracture, and operative management of upper limb manifestations of cerebral palsy.

Dr. Kirschenbaum's associations and accomplishments also speak to his expertise:

> Dr. Kirschenbaum is a fellow of the American Academy of Orthopedic Surgeons. He is a member of the American Society for Surgery of the Hand, the New Jersey Orthopedic Society, the American Academy of Orthopedic Surgeons, and the Morris County Medical Society. Dr. Kirschenbaum has served as Secretary, Vice President and President of the New York Society for Surgery of the Hand. He has been a clinical instructor for the University of Medicine and Dentistry of New Jersey Department of Orthopedic Surgery in Newark and has been an instructor in hand surgery for the Monmouth County Orthopedic Surgery Residency Program. He is currently Assistant Clinical Professor of Orthopedic Surgery at Rutgers New Jersey Medical School.

33. Mr. Beloff explained to Dr. Kirschenbaum that the injury on the cruise ship caused persistent stiffness and weakness in his hand. Dr. Kirschenbaum found "[p]ersistent sense of stiffness of the digits of the fingers of the left hand following burn from a hot plate." Dr. Kirschenbaum also found "[n]o Tinel's sign at the carpal tunnel . . . . Carpal tunnel compression test is normal . . . . Grip weaker in the left hand than in the right hand . . . . Tips of the left thumb index middle and ring fingers are tender." Dr. Kirschenbaum also ruled out carpal tunnel syndrome and any disc herniation as the cause of the pain and stiffness in Mr. Beloff's hand:

> He does not appear to have significant carpal tunnel syndrome as provocative tests for carpal tunnel syndrome were normal bilaterally in the upper extremities. He also does not appear to have a history of significant peripheral neuropathy, despite the findings on the EMG and nerve conduction studies, as he does not report significant lower extremity numbness or numbness in the right upper extremity. He also did not appear to have a significant cervical radiculopathy involving the C7 root of the left upper extremity based on well-preserved triceps strength and triceps reflex, despite the findings on recent EMG and cervical spine MRI.

34. On May 15, 2018, Mr. Beloff also met with his endocrinologist, Dr. Marie Nevin, who has treated Mr. Beloff's diabetes for approximately 16 years. Significantly, Dr. Nevin made clear that Mr. Beloff had "no prior history of retinopathy or neuropathy." Dr. Nevin also concluded

7

that "[h]is current symptoms of discomfort in the left hand and stiffness and inability to close his left hand are not on the basis of diabetic neuropathy. He has no prior history of diabetic neuropathy."

35. On June 11, 2018, Mr. Beloff was re-examined by Dr. Kirschenbaum. Mr. Beloff continued to complain about pain and stiffness in his hand, stating that he had "minimal improvement in his feeling of stiffness and pain in the left hand." Dr. Kirschenbaum examined Mr. Beloff, finding that Mr. Beloff was "hesitant to flex fingers fully." Dr. Kirschenbaum determined that the cause of Mr. Beloff's pain and suffering was the burn from the hot plate, stating, "[p]ersistent sense of stiffness of multiple digits of the left hand following burn from hot plate."

36. On June 13, 2018, Mr. Beloff engaged in physical therapy at the Summit Medical Group. His chief complaint was noted as "stiffness of the fingers on the left hand." The therapist noted that Mr. Beloff had "difficulty with packing as patient is preparing to move." With regard to daily activities, the therapist noted that Mr. Beloff was limited to only being able to perform 40.9% of normal activities such as opening a jar, doing household chores, using a knife to cut food, engage in recreational activities, difficulty sleeping, and other activities.

37. On June 20, 2018, Mr. Beloff engaged in physical therapy at the Summit Medical Group. Mr. Beloff continued to complain about problems with his left hand.

38. On July 5, 2018, Mr. Beloff was re-examined by Dr. Kirschenbaum. Mr. Beloff complained that physical therapy provides temporary relief, but after the therapy the pain and stiffness returns. Dr. Kirschenbaum noted a persistent sense of stiffness of multiple digits of the left hand as a result of the burn from the hot plate. Dr. Kirschenbaum concluded that physical therapy would no longer benefit Mr. Beloff, and that his prognosis was "unclear."

39. On August 30, 2018, Mr. Beloff was re-examined by Dr. Kirschenbaum. Mr. Beloff complained that his pain persisted and his hand was still not 100%, but the stiffness had resolved. Dr. Kirschenbaum reiterated his previous finding that Mr. Beloff's pain and suffering were not the result of carpal tunnel syndrome or cervical spine issues, but rather caused by the burns from the hot plate:

> He had persistent pain and a sense of stiffness of multiple digits of the left hand following burns from a hot plate. Symptoms have markedly diminished. Multiple etiologies causes of pain have been investigated, including cervical spine issues and carpal tunnel syndrome and peripheral neuropathy but the overall clinical picture so far has not been consistent with those disorders. Differential diagnosis of his episode of pain includes persistent pain related to his burns.

40. Since Mr. Beloff's last medical evaluation, his pain persists and his hand still does not function at 100%. He cannot play sports as he did prior to his injury on the cruise ship, and many of his other daily functions are limited by the injury.

41. Mrs. Beloff also continues to suffer mental and emotional pain as a result of her husband's injury. She sees her husband's suffering and diminished capacity to enjoy his retirement years, which similarly affects her ability to enjoy her retirement years. They are limited in the types of physical activity and sports they used to play together prior to Mr. Beloff's injury.

## **COUNT 1**

42. Paragraphs 1 through 41 of this Complaint are incorporated herein by reference for all purposes.

43. Defendant owed Mr. Beloff, as a paying guest aboard the Celebrity Silhouette, the duty of reasonable care under the circumstances for his safety and had the duty to warn Mr. Beloff of all dangers it knew or should reasonably had known of.

44. Defendant was negligent in failing to warn Mr. Beloff about the hot plate, thus breaching this duty.

45. Defendant knew or should have known of the dangerous condition posed by making contact with the plate.

46. As a result of Defendant's negligence, Mr. Beloff suffered bodily injury, mental anguish, limitations on the regular activities of life, the expenses of medical exams and rehabilitative therapies, and the loss of his use and enjoyment of the cruise, among other expenses.

WHEREFORE, Plaintiff STEPHEN BELOFF requests a judgment against Defendant CELEBRITY CRUISES for the above-referenced damages and losses in an amount in excess of $900,000.00, together with incurred attorneys' fees, court filing costs and prejudgment interest. Further, Plaintiff requests a trial by jury pursuant to FRCP 38(b).

## **COUNT 2**

47. Paragraphs 1 through 46 of this Complaint are incorporated herein by reference for all purposes.

48. As a result of witnessing Mr. Beloff's injury, Mrs. Beloff suffered extreme mental and emotional damage.

49. As Mr. Beloff's spouse, Mrs. Beloff was entitled to the support, services, society and consortium of Mr. Beloff.

50. Prior to the injury Mr. Beloff sustained on the Celebrity Silhouette, Mr. Beloff enjoyed good health.

51. Solely by reason of the injury Mr. Beloff sustained on the cruise ship, Mrs. Beloff was deprived of the support, services, society and consortium of Mr. Beloff, including being able to enjoy her retirement years with her husband as they had planned throughout their working years.

52. As a result of Mr. Beloff's injuries, Mrs. Beloff also lost the use and enjoyment of the cruise she paid for.

WHEREFORE, Plaintiff MARILYN BELOFF requests a judgment against Defendant CELEBRITY CRUISES for the above-referenced damages and losses in an amount in excess of $100,000.00, together with incurred attorneys' fees, court filing costs and prejudgment interest. Further, Plaintiff requests a trial by jury pursuant to FRCP 38(b).

Dated this 31th day of October 2018.               Respectfully submitted,

**DICKINSON WRIGHT PLLC**
350 East Las Olas Blvd., Suite 1750
Fort Lauderdale, FL 33301
Tel.: (954) 991-5420
Fax: (844) 670-6009
*Attorneys for Plaintiffs*

/s/ Vijay Brijbasi
Vijay G. Brijbasi, Esq.
Florida Bar No. 15037
vbrijbasi@dickinsonwright.com